UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-cv-23453-DPG

OSCAR ALI FARRERA ARGUINZONEZ,
and others similarly situated under 29
U.S.C. 216(b),

      Plaintiff,

v.

VIP SYSTEMS, INC.,

      Defendant.

_____/

**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant, VIP SYSTEMS, INC. (hereinafter referred to as "Defendant") by and through undersigned counsel, and pursuant to *Fed. R. Civ. P. 12(b)(6)*, hereby files its Motion to Dismiss for Failure to State a Claim, as follows:

**I.    FACTS**

On September 19, 2017, Plaintiff, OSCAR ALI FARRERA ARGUINZONEZ ("Plaintiff") filed his Complaint against Defendant, VIP SYSTEMS, INC. *D.E. 1*. Plaintiff alleges himself to have "worked" for the Defendant corporation from June 2, 2016, through the present. *D.E. 1, ¶8*. During this time period, Plaintiff alleges himself to have engaged in an average of 65 hours of work per week. *Id.* Plaintiff further alleges himself to have been paid an average of $20.00 per hour, but claims Defendant failed to pay him half-time for any hours he worked over forty in any given workweek through July 1, 2017. *Id.* Plaintiff also alleges that from July 1, 2017, through the present, he was paid $20.00 per hour for every hour he worked up to forty hours per week, but claims to have not been compensated for *any* hours he worked over forty in any given work week

from July 1, 2017, through the present. *Id.* However, as a threshold matter, Plaintiff fails to set forth sufficient factual allegations to establish enterprise or individual coverage under the Fair Labor Standards Act ("FLSA"). In fact, Plaintiff only conclusively alleges as follows:

> Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendant affected interstate commerce for the relevant time period. Plaintiff's work for the Defendant affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while he worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

*Id.* at ¶9.

In short, Plaintiff makes no attempt whatsoever to specifically allege the duties and/or activities he performed for the Defendant corporation and therefore fails to establish the requisite nexus to hold the Defendant corporation liable under an enterprise coverage theory. Plaintiff has not alleged what (if any) materials he used on a constant and/or continual basis, and therefore fails to sufficiently set forth a basis for coverage under the FLSA. Likewise, Plaintiff has failed to set forth any specific allegations to establish individual coverage under the FLSA. Moreover, Plaintiff has also failed to set forth any allegations that could establish that Defendant is liable as its FLSA employer under federal law or that any employment relationship actually existed. Plaintiff's Complaint is therefore devoid of any factual allegations that could plausibly state a cause of action. Accordingly, Plaintiff's Complaint should be dismissed immediately.

## II. MEMORANDUM OF LAW

### a. *Fed. R. Civ. P. 12(b)(6)*

Whether enterprise coverage exists in an FLSA lawsuit is a question that implicates both the Court's jurisdiction and the merits of the case. *See, e.g.,* Gonzalez v. Old Lisbon Restaurant & Bar LLC, 820 F.Supp.2d 1365, 1368 (S.D. Fla. 2011) *citing* Roberts v. Caballero & Castellanos, P.L., 2010 WL 114001, at *2 (S.D. Fla. 2010); Diaz v. Solmar Rest., Inc., 2008 WL 5787709, at *1 (S.D. Fla. 2008). Where the existence of enterprise coverage is questioned, the appropriate action "is for the district court to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case" under *Fed. R. Civ. P. 12(b)(6)*. *See, e.g.,* Roberts, 2010 WL 114001, at *2 *quoting* Diaz, 2008 WL 5787709, at *1. When reviewing a motion to dismiss under Rule 12(b)(6), all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts must be taken as true. *See, e.g.,* Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *See, e.g.,* Gonzalez, 820 F.Supp.2d at 1368 *citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

### b. *Fed. R. Civ. P. 8*

A pleading is required to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2)*. Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See, e.g.,* Attai v. Delivery Dudes, LLC, 2016 WL 828816 at *2 (S.D. Fla. 2016) *citing* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007);

*see, also,* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation). Furthermore, a complaint may not rest upon "naked assertions" devoid of "further factual enhancement." *See, e.g.,* Attai, 2016 WL 828816 at *2, *citing* Iqbal, 556 U.S. at 678 *quoting* Twombly, 550 U.S. at 557. These elements are required to survive a motion to dismiss under *Fed. R. Civ. P. 12(b)(6)*. Id.

### i. Enterprise and Individual Coverage Standards Under the FLSA

There are two possible types of FLSA coverage: enterprise coverage and individual coverage. *See, e.g.,* Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1298 (11th Cir. 2011). While there is no heightened pleading requirement under *Fed. R. Civ. P. 8* to allege coverage under the FLSA, a plaintiff must nevertheless provide straightforward allegations as to the nature of his work, the nature of his employer's business, and attempt to connect the work he performs to interstate commerce. *See, e.g.,* Ceant v. Aventura Limousine & Transp. Service, Inc., 874 F.Supp.2d 1373, 1378 (S.D. Fla. 2012) (Granting motion to dismiss for failure to adequately allege factual allegations giving rise to enterprise or individual coverage). Mere legal conclusions and recitation of the statutory language requires dismissal. *See, e.g.,* Perez v. Muab, Inc., 2011 WL 845818, at *3 (S.D. Fla. 2011) (Plaintiff's allegation that "during her employment with defendant, she was engaged in commerce or in the production of goods for commerce" was a mere conclusion and recitation of the statutory language and therefore insufficient as a matter of law); *but, see,* Roberts v. Caballero & Castellanos, PL, 2010 WL 114001, at *3 (S.D. Fla. 2010) (Allegations that employer "engaged in interstate commerce and operated as an organization that sells or markets its goods and services to customers throughout the United States and also provides its services for goods sold and transported across state lines, and accepts funds from non-Florida

sources, and uses telephonic transmissions going over state lines to do business satisfied pleading requirement for coverage); Rivera v. Deer Run Realty & Mgmt., Inc., 2015 WL 4878681, at *2 n. 1 (M.D. Fla. 2015) (dismissing case on Rule 12(b) motion for failure to adequately plead a factual basis to establish enterprise or individual liability under the FLSA).

### A) Enterprise Coverage Under the FLSA

An employer is subject to enterprise coverage under the FLSA if it: (1) has employees engaged in commerce or in the production of goods for commerce, or… has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person;" and (2) has at least $500,000.00 of "annual gross volume of sales made or business done." *29 U.S.C. 203(s)(1)(A); see, also,* Polycarpe v. E&S Landscaping Serv. Inc., 616 F.3d 1217, 1220 (11th Cir. 2010). In order to be eligible for FLSA overtime, an employee must first demonstrate that he or she is "covered" by the FLSA. *See, e.g.,* Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1298 (11th Cir. 2011). A plaintiff can establish enterprise coverage if he can demonstrate that he is "employed in an enterprise engaged in commerce or in the production of goods for commerce." *Id.* A business is not "engaged in the production of goods for commerce" unless the plaintiff can actually demonstrate that he produces goods. *See, e.g.,* Cassanova v. Morales, 2007 WL 4874773 (S.D. Fla. 2007) *affirmed* 262 Fed. Appx. 164 (11th Cir. 2008) (employee was not engaged in the production of goods for commerce because his duties simply involved assisting in the construction of a house and performing miscellaneous maintenance work). Indeed, enterprise coverage requires a showing that the employer:

> (a) has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; ***AND***

> (b) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

*29 U.S.C. 203(s)*(emphasis added).

Here, Plaintiff has failed to include any well-pled allegations within his Complaint relative to his performance of business-related activities. In fact, the ***only*** factual allegation Plaintiff even asserts regarding enterprise coverage is as follows:

> Defendant's business activities involve those to which the Fair Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendant affected interstate commerce for the relevant time period. Plaintiff's work for the Defendant affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while he worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

*D.E. 1, ¶9*.

Plaintiff does not include any other factual allegations aside from this bare legal conclusion and does not otherwise specifically allege *any* facts describing Defendant and/or its business activities. *See, e.g.,* Perez v. Muab, Inc., 2011 WL 845818, at *1-2 (S.D. Fla. 2011) (dismissing a complaint after concluding that enterprise coverage allegations were "devoid of facts" when plaintiff only alleged that defendant "is an enterprise engaged in an industry affecting commerce"); Kendrick v. Eagle Int'l Grp., LLC, 2009 WL 3855227, at *3 (S.D. Fla. 2009) (dismissing FLSA complaint where plaintiff "failed to allege a single fact to support her legal conclusion that defendant is an employer under the FLSA"); Mirabal v. Metro Parking Corp., 2016 WL 9455606, at *2 (S.D. Fla. 2016) (Dismissing Complaint where allegations relative to enterprise coverage

stated only legal conclusions, which were not entitled to the presumption of truth) *citing* Ceant, 874 F.Supp.2d at 1377; Mullins, 2013 WL 5728105 at *2-3.

Earning the requisite income, while necessary, is insufficient, standing alone, to invoke enterprise liability under the FLSA, which accordingly, deprives a Court of subject matter jurisdiction. *See, e.g.,* Rivera, 2015 WL 4878681, at *2 n. 1 (M.D. Fla. 2015) (Case dismissed although it was undisputed that the employer met the income threshold). Enterprise coverage can only be satisfied where a plaintiff establishes that a company routinely purchases goods or materials sold or otherwise worked on by two employees directly from across state lines. *See, e.g.,* Galdames v. N&D Investment Corp., 2008 WL 4372889, at *4 (S.D. Fla. 2008) (emphasizing importance of purchases of equipment and supplies from out-of-state suppliers in proving enterprise coverage). However, the "handling clause" extends to not only production of goods, but materials as well. *See, e.g.,* Rodriguez v. Gold Star, Inc., 858 F.3d 1368, 1369 (11th Cir. 2017) (Congressional intent was to include coverage of the handling of items consumed by the employer's business). The Eleventh Circuit Court of Appeals has defined the term "materials" under the FLSA to mean "tools or other articles necessary for doing or making something." *See, e.g.,* Rodriguez, 858 F.3d at 1370 *citing* Polycarpe v. E&S Landscaping Service, Inc., 616 F.3d 1217 (11th Cir. 2010).

Here, aside from the legally conclusive allegations and statutory recitations within his Complaint, Plaintiff does not allege himself to have used or handled any specific "materials" during any times pertinent to his employment, and has otherwise failed to adequately plead any factual basis to establish coverage against these Defendants under the FLSA. *D.E. 1*. In fact, the **only** allegation set forth by Plaintiff against this Defendant is that the Defendant "affected interstate commerce for the relevant time period because the materials and goods that Plaintiff

7

used on a constant and/or continual basis and/or that were supplied to him by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same." *D.E. 1, ¶ 9*. This is wholly insufficient as a matter of law and requires immediate dismissal of Plaintiff's Complaint.

### B) **Individual Coverage Under the FLSA**

Likewise, Plaintiff's allegations in furtherance of his claim for individual coverage under the FLSA fall drastically short as a matter of law. *D.E. 1*. An employee is subject to individual coverage under the FLSA **only** if he is "*directly* and *regularly* engaged in interstate commerce" [emphasis added]. *See, e.g.,* Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1315 (11th Cir. 2011). In other words, to satisfy individual coverage, the plaintiff **must** be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of commerce, *e.g.,* transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.,* regular and recurrent use of interstate telephone, telegraph, mails, or travel. *See, e.g.,* Josendis, 662 F.3d at 1315-16 *citing* Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006); McLeod v. Threlkeld, 319 U.S. 491, 493-98 (1943), *see, also,* Casanova v. Morales, 2007 WL 4874773 (S.D. Fla. 2007) *affirmed* 262 Fed. Appx. 164 (11th Cir. 2008) (no individual coverage where plaintiff purchased supplies that moved through interstate commerce to undertake his employment with home remodeling company);[1] Thompson v. Robinson, Inc., 2007 WL 2714091

---

[1] In Cassanova, 2007 WL 4874773, the plaintiff was hired to do remodeling work on a residential home in Miami, and claimed that FLSA coverage existed because he ordered, picked up, and used materials which had traveled in interstate commerce. *Id.* However, the court expressly rejected the plaintiff's argument, because Congress intended to regulate ***only*** activities constituting interstate commerce, not activities merely *affecting* commerce. *Id.* at *4 *citing* Thorne, 448 F.2d 1264 (11th Cir. 2006).

(M.D. Fla. 2007) (no individual coverage where cook prepared foods that originated in another state).  In order to demonstrate individual coverage under the FLSA, a plaintiff must provide straightforward allegations connecting the work he performs for his employer to *interstate* commerce.  *See, e.g.,* Attai, 2016 WL 828816 at *3 *citing* Ceant v. Aventura Limousine & Transp. Serv., Inc., 874 F.Supp.2d 1373, 1378 (S.D. Fla. 2012).

Here, Plaintiff merely alleges that Defendant "regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities or interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act."  *D.E. 1, ¶ 10.* This is conclusory and insufficient as a matter of law.  Plaintiff fails to set forth any specific allegation as to how the services he provided Defendant constitute interstate commerce, and further fails to even allege any instrumentality of interstate commerce that he used in the normal day-to-day duties he performed while employed by Defendant.  *D.E. 1.*  Accordingly, Plaintiff has failed to state a claim for violation of the Fair Labor Standards Act and his Complaint should be dismissed.

### ii. **Plaintiff Has Failed to Sufficiently Allege that Defendant is his FLSA Employer or that any Employment Relationship Exists**

To state a cause of action under the FLSA, an employee must first allege an employment relationship.  *See, e.g.,* Blake v. Batmasian, 191 F.Supp.3d 1370, 1375 (S.D. Fla. 2016).  The determination of employment status under the FLSA is a question of law.  *See, e.g.,* Brouwer v. Metropolitan Dade County, 139 F.3d 817 (11th Cir. 1998) *citing* Villarreal v. Woodham, 113 F.3d 202, 205 (11th Cir. 1997).  Although the scope of coverage under the FLSA is broad, the United States Supreme Court has cautioned that the Act's coverage has limits.  *See, e.g.,* Brouwer, 139 F.3d at 819 *citing* Tony & Susan Alamo Found. v. Secretary of Labor, 471 U.S. 290, 294-95 (1985).  The FLSA creates a private right of action against any "employer" who violates the

overtime provisions. *See, e.g.,* Mirabal v. Metro Parking Corp., 2016 WL 9455606 at *2 (S.D. Fla. 2016) *citing 29 U.S.C. 216(b).* The economic realities test controls the issue of whether a plaintiff is an employee for purposes of causes of action arising under the FLSA. *See, e.g.,* Vallareal, 113 F.3d at 205. The economic realities test includes inquiries into whether the employer: (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *Id.* **The economic realty test to determine whether an individual is an employee within the protection of FLSA applies not only at summary judgment state of the proceedings, but also on a motion to dismiss for failure to state a claim on which relief may be granted**. *See, e.g.,* Blake, 191 F.Supp.3d at n. 1 *citing* Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc., 494 Fed.Appx. 940, 943 (11th Cir. 2012) (Economic reality test properly applied when reviewing a motion to dismiss); Brouwer, 139 F.3d at 819.

Here, Plaintiff has not even alleged that Defendant is its employer for purposes of the FLSA. *D.E. 1.* Plaintiff vaguely alleges that he worked for Defendant, but does not specifically claim that Defendant was his FLSA employer under applicable law. *Id.* A plaintiff's mere claim that he is an "employee" is a legal conclusion that the Court is not bound to accept as true. *See, e.g.,* Freeman v. Key Largo Volunteer Fire and Rescue Dept., Inc., 494 Fed.Appx. 940, 944 n. 2 (11th Cir. 2012) *citing* Twombly, 550 U.S. at 555. More specifically, Plaintiff has not alleged that Defendant supervised or controlled the conditions of his work (because it did not). *Id.* Accordingly, Plaintiff's Complaint should be dismissed for failure to state a claim.[2]

---

[2] Most respectfully, any request made by Plaintiff for leave to amend his Complaint to sufficiently allege coverage or his purported employment relationship, will be futile. To the extent that Plaintiff attempts to proceed with amending the Complaint, Defendants will provide this Court with documentation showing that Plaintiff did not have an "employee-employer" relationship with the Defendant corporation.

### III.    CONCLUSION

Plaintiff has submitted a boilerplate Complaint, devoid of any specific factual allegations that can sufficiently establish enterprise or individual coverage under the FLSA. Furthermore, Plaintiff has failed to allege that Defendant is even its FLSA employer during the time periods alleged within the Complaint. Most respectfully, Plaintiff's Complaint should be dismissed immediately for failure to state a claim.

WHEREFORE, for the reasons set forth herein, Defendant, VIP SYSTEMS, INC., respectfully requests that this Honorable Court enter an order: (a) dismissing Plaintiff's Complaint with prejudice; and (b) entering any and all such further relief as is deemed just and equitable under the circumstances.

**Dated this 26th day of October, 2017.**

Respectfully Submitted,

**JORDAN RICHARDS, PLLC**
401 E. Las Olas Blvd. Suite 1400
Fort Lauderdale, Florida 33301
(954) 871-0050
*Counsel for Defendant*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
*jordan@jordanrichardslaw.com*
*jordan@FLSAfirm.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing motion was served on all parties listed below via the CM/ECF on October 26, 2017.

                                        */s/ Jordan Richards, Esq.*
                                        JORDAN RICHARDS, ESQUIRE
                                        Florida Bar No. 108372

## SERVICE LIST:

**J.H. ZIDELL, ESQUIRE**
Florida Bar No. 0010121
[zabogado@aol.com](mailto:zabogado@aol.com)
**RIVKAH JAFF, ESQUIRE**
Florida Bar No. 107511
[Rivkah.Jaff@gmail.com](mailto:Rivkah.Jaff@gmail.com)
**NEIL TOBAK, ESQUIRE**
Florida Bar No. 93940
[Ntobak.zidellpa@gmail.com](mailto:Ntobak.zidellpa@gmail.com)
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiff*