UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-cv-23453-DPG

OSCAR ALI FARRERA ARGUINZONEZ,
and others similarly situated under 29
U.S.C. 216(b),

    Plaintiff,

v.

VIP SYSTEMS, INC.,

    Defendant.

_____/

**REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

    Defendant, VIP SYSTEMS, INC. (hereinafter referred to as "Defendant") by and through undersigned counsel, hereby files its Reply in Support of Motion to Dismiss for Failure to State a Claim, as follows:

**I.    FACTS**

    Defendant filed its Motion to Dismiss for Failure to State a Claim on October 26, 2017. *D.E. 15.* On November 8, 2017, Plaintiff, OSCAR ALI FARRERA ARGUINZONEZ ("Plaintiff") filed his Response in Opposition to Defendant's Motion to Dismiss for Failure to State a Claim. *D.E. 19.* Within his Response, Plaintiff fails to specify exactly *how* he has set forth sufficient factual allegations to establish enterprise or individual coverage under the Fair Labor Standards Act ("FLSA"). *Id.* Plaintiff has not alleged himself to have engaged in any activities (as required by prevailing case law) to establish enterprise coverage, and instead claims that he will need to avail himself of the discovery process in order to do so. *Id.* Plaintiff has very simply made no attempt whatsoever to demonstrate that the conclusory allegations set forth within his Complaint

could ever form a sufficient basis to establish FLSA coverage. Indeed, Plaintiff has set forth no allegations whatsoever regarding the work he purportedly performed for Defendant, aside from alleging himself to have "worked" for the Defendant corporation from June 2, 2016, through the present. *D.E. 1, ¶8*. Likewise, the allegations within Plaintiff's Complaint do not establish individual coverage, and Plaintiff makes no attempt to even argue that they do within his Response. *D.E. 19*. Plaintiff has not alleged what (if any) materials he used on a constant and/or continual basis, and therefore fails to sufficiently set forth a basis for coverage under the FLSA. Moreover, Plaintiff has also failed to set forth any allegations that could establish that Defendant is liable as its FLSA employer under federal law or that any employment relationship actually existed. Plaintiff's Complaint is therefore devoid of any factual allegations that could plausibly state a cause of action, and should be dismissed immediately.

## II.     MEMORANDUM OF LAW

### a.  *Fed. R. Civ. P. 12(b)(6)*

Whether enterprise coverage exists in an FLSA lawsuit is a question that implicates both the Court's jurisdiction and the merits of the case. *See, e.g.,* Gonzalez v. Old Lisbon Restaurant & Bar LLC, 820 F.Supp.2d 1365, 1368 (S.D. Fla. 2011) *citing* Roberts v. Caballero & Castellanos, P.L., 2010 WL 114001, at *2 (S.D. Fla. 2010); Diaz v. Solmar Rest., Inc., 2008 WL 5787709, at *1 (S.D. Fla. 2008). Where the existence of enterprise coverage is questioned, the appropriate action "is for the district court to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case" under *Fed. R. Civ. P. 12(b)(6)*. *See, e.g.,* Roberts, 2010 WL 114001, at *2 *quoting* Diaz, 2008 WL 5787709, at *1. When reviewing a motion to dismiss under Rule 12(b)(6), all well-pleaded facts in the plaintiff's complaint and all reasonable inferences drawn from those facts must be taken as true. *See, e.g.,* Jackson v. Okaloosa Cnty.,

Fla., 21 F.3d 1531, 1534 (11th Cir. 1994). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *See, e.g.,* Gonzalez, 820 F.Supp.2d at 1368 *citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Within his Response, Plaintiff spends over two (2) pages discussing the Court's decision in Twombly, 550 U.S. at 555, but fails to address the decision in Gonzalez, 820 F.Supp.2d at 1368, *citing* Twombly, 550 U.S. at 555, in any conceivable way. *D.E. 19.* This is noteworthy, of course, because counsel for Plaintiff also represented the plaintiff in Gonzalez, 820 F.Supp.2d at 1368, and is therefore no doubt aware of the application of Twombly, 550 U.S. at 555, in the context of FLSA litigation. Plaintiff's only other argument is that "FLSA matters are quite straightforward, thus… Defendant cannot claim it does not understand what the allegations are regarding FLSA coverage." *D.E. 19.* But this argument lacks any substance, is unavailing, and contrary to case law. Plaintiff's Complaint (as drafted) rests solely upon "naked assertions" devoid of "further factual enhancement." *See, e.g.,* Attai, 2016 WL 828816 at *2, *citing* Iqbal, 556 U.S. at 678 *quoting* Twombly, 550 U.S. at 557.

### i. **Enterprise and Individual Coverage Standards Under the FLSA**

There are two possible types of FLSA coverage: enterprise coverage and individual coverage. *See, e.g.,* Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1298 (11th Cir. 2011). Plaintiff has failed to provide straightforward allegations as to the nature of his work, the nature of his employer's business, and has further failed any attempt to connect the work he performs to interstate commerce. *See, e.g.,* Ceant v. Aventura Limousine & Transp. Service, Inc., 874 F.Supp.2d 1373, 1378 (S.D. Fla. 2012) (Granting motion to dismiss for failure to adequately

3

allege factual allegations giving rise to enterprise or individual coverage). Moreover, Plaintiff's practice of inserting mere legal conclusions and recitation of the statutory language in his Complaint requires dismissal. *See, e.g.,* Perez v. Muab, Inc., 2011 WL 845818, at *3 (S.D. Fla. 2011) (Plaintiff's allegation that "during her employment with defendant, she was engaged in commerce or in the production of goods for commerce" was a mere conclusion and recitation of the statutory language and therefore insufficient as a matter of law); *but, see,* Roberts v. Caballero & Castellanos, PL, 2010 WL 114001, at *3 (S.D. Fla. 2010) (Allegations that employer "engaged in interstate commerce and operated as an organization that sells or markets its goods and services to customers throughout the United States and also provides its services for goods sold and transported across state lines, and accepts funds from non-Florida sources, and uses telephonic transmissions going over state lines to do business satisfied pleading requirement for coverage); Rivera v. Deer Run Realty & Mgmt., Inc., 2015 WL 4878681, at *2 n. 1 (M.D. Fla. 2015) (dismissing case on Rule 12(b) motion for failure to adequately plead a factual basis to establish enterprise or individual liability under the FLSA). Plaintiff correctly cites the elements for a cause of action arising under the FLSA, but incorrectly argues that his mere recitations are sufficient to survive a motion to dismiss for failure to state a claim.

### A) Enterprise Coverage Under the FLSA

Plaintiff argues that "a defendant-employer can no longer argue that the employees' handling etc. of the goods or materials, that were merely manufactured outside of Florida is not sufficient interstate commerce as a matter of law." *D.E. 19.* This argument entirely misses the point of Defendants' Motion to Dismiss. Contrary to Plaintiff's argument, Defendants **have not** made any attempt to argue that the location of where goods were handled precludes a finding of enterprise coverage. *D.E. 15.* Defendants merely contend that a plaintiff can only establish

4

enterprise coverage if he can demonstrate that he is "employed in an enterprise engaged in commerce or in the production of goods for commerce." *Id.*

Plaintiff also argues that "Paras. 14-15 of the Complaint allege interstate commerce." *D.E. 19, p. 8.* However, Paragraph 14 states the following:

> Between the period of on or about July 1, 2017, through on or about the present and ongoing, Plaintiff worked an average of 65 hours a week for Defendant and was paid an average of $20.00 per hour but was never paid anything at all for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for each hour worked above 40 in a week.

*D.E. 1, ¶14.*

Even when considering the above allegations in a light most favorable to Plaintiff, it is inconceivable how these allegations alone could ever establish enterprise coverage under the FLSA. Similarly, Paragraph 15 states the following:

> Defendant willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendant knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendant's payroll practices were in accordance with the Fair Labor Standards Act. Defendant remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant for the time period specified above.

*D.E. 1, ¶15.*

The contents of Paragraph 15 offer no further support in establishing enterprise coverage under the FLSA. The ***only*** factual allegation Plaintiff truly asserts that has anything to do with enterprise coverage is as follows:

> Defendant's business activities involve those to which the Fair Standards Act applies. Both the Defendant's business and the Plaintiff's work for the Defendant affected interstate commerce for the relevant time period. Plaintiff's work for the Defendant affected interstate commerce for the relevant time period because the

5

> materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendant was actually in and/or so closely related to the movement of commerce while he worked for the Defendant that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant.

*D.E. 1, ¶9.*

Plaintiff does not include any other factual allegations aside from this bare legal conclusion and does not otherwise specifically allege *any* facts describing Defendant and/or its business activities. *See, e.g.,* Perez v. Muab, Inc., 2011 WL 845818, at *1-2 (S.D. Fla. 2011) (dismissing a complaint after concluding that enterprise coverage allegations were "devoid of facts" when plaintiff only alleged that defendant "is an enterprise engaged in an industry affecting commerce"); Kendrick v. Eagle Int'l Grp., LLC, 2009 WL 3855227, at *3 (S.D. Fla. 2009) (dismissing FLSA complaint where plaintiff "failed to allege a single fact to support her legal conclusion that defendant is an employer under the FLSA"); Mirabal v. Metro Parking Corp., 2016 WL 9455606, at *2 (S.D. Fla. 2016) (Dismissing Complaint where allegations relative to enterprise coverage stated only legal conclusions, which were not entitled to the presumption of truth) *citing* Ceant, 874 F.Supp.2d at 1377; Mullins, 2013 WL 5728105 at *2-3.

Plaintiff argues that he sufficiently alleges that the corporate Defendant grossed over $500,000.00 per year during the time period in which Plaintiff alleges himself to have performed work for Defendant. *D.E. 19, p. 8.* But earning the requisite income, while necessary, is insufficient, standing alone, to invoke enterprise liability under the FLSA, which accordingly, deprives a Court of subject matter jurisdiction. *See, e.g.,* Rivera, 2015 WL 4878681, at *2 n. 1 (M.D. Fla. 2015) (Case dismissed although it was undisputed that the employer met the income threshold). Enterprise coverage can only be satisfied where a plaintiff establishes that a company

6

routinely purchases goods or materials sold or otherwise worked on by two employees directly from across state lines. *See, e.g.,* Galdames v. N&D Investment Corp., 2008 WL 4372889, at *4 (S.D. Fla. 2008) (emphasizing importance of purchases of equipment and supplies from out-of-state suppliers in proving enterprise coverage). However, the "handling clause" extends to not only production of goods, but materials as well. *See, e.g.,* Rodriguez v. Gold Star, Inc., 858 F.3d 1368, 1369 (11th Cir. 2017) (Congressional intent was to include coverage of the handling of items consumed by the employer's business). The Eleventh Circuit Court of Appeals has defined the term "materials" under the FLSA to mean "tools or other articles necessary for doing or making something." *See, e.g.,* Rodriguez, 858 F.3d at 1370 *citing* Polycarpe v. E&S Landscaping Service, Inc., 616 F.3d 1217 (11th Cir. 2010).

Here, aside from the legally conclusive allegations and statutory recitations within his Complaint, Plaintiff does not allege himself to have used or handled any specific "materials" during any times pertinent to his employment, and has otherwise failed to adequately plead any factual basis to establish coverage against these Defendants under the FLSA. *D.E. 1.* In fact, the **only** allegation set forth by Plaintiff against this Defendant is that the Defendant "affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendant to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same." *D.E. 1, ¶ 9.* This is wholly insufficient as a matter of law and requires immediate dismissal of Plaintiff's Complaint. Plaintiff is certainly in a position where he can allege what (if any) materials he used during the time period in which he alleges himself to have performed work for the Defendant. He has just failed to do so.

### B) Individual Coverage Under the FLSA

Plaintiff merely alleges that Defendant "regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities or interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act." *D.E. 1, ¶ 10.* This is conclusory and insufficient as a matter of law, and Plaintiff has not explained why or how this barebones allegation could ever establish individual coverage under the FLSA. *See, e.g.,* Attai, 2016 WL 828816 at *3 *citing* Ceant v. Aventura Limousine & Transp. Serv., Inc., 874 F.Supp.2d 1373, 1378 (S.D. Fla. 2012) (In order to demonstrate individual coverage under the FLSA, a plaintiff must provide straightforward allegations connecting the work he performs for his employer to *interstate* commerce); *see, also,* Josendis v. Wall to Wall Residence Repairs, Inc., 662 F.3d 1292, 1315 (11th Cir. 2011) *citing* Thorne v. All Restoration Servs., Inc., 448 F.3d 1264, 1266 (11th Cir. 2006); McLeod v. Threlkeld, 319 U.S. 491, 493-98 (1943); Casanova v. Morales, 2007 WL 4874773 (S.D. Fla. 2007) *affirmed* 262 Fed. Appx. 164 (11th Cir. 2008) (no individual coverage where plaintiff purchased supplies that moved through interstate commerce to undertake his employment with home remodeling company); Thompson v. Robinson, Inc., 2007 WL 2714091 (M.D. Fla. 2007) (no individual coverage where cook prepared foods that originated in another state).

### ii. Plaintiff Has Failed to Sufficiently Allege that Defendant is his FLSA Employer or that any Employment Relationship Exists

Plaintiff argues that he "has sufficiently pled that Defendant was Plaintiff's employer [because] Plaintiff has adequately pled the dated he worked for Defendant and the position he held in Par. 8 and Par. 13 also provide the average hours alleged per week and average rate of pay." *D.E. 19, p. 6.* Plaintiff further argues that his Complaint alleges that "upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of

employment." *D.E. 19, p. 6.* But once again, these are nothing more than conclusory allegations within Plaintiff's Complaint. To state a cause of action under the FLSA, an employee must first allege an employment relationship. *See, e.g.,* Blake v. Batmasian, 191 F.Supp.3d 1370, 1375 (S.D. Fla. 2016). The determination of employment status under the FLSA is a question of law. *See, e.g.,* Brouwer v. Metropolitan Dade County, 139 F.3d 817 (11th Cir. 1998) *citing* Villarreal v. Woodham, 113 F.3d 202, 205 (11th Cir. 1997). Although the scope of coverage under the FLSA is broad, the United States Supreme Court has cautioned that the Act's coverage has limits. *See, e.g.,* Brouwer, 139 F.3d at 819 *citing* Tony & Susan Alamo Found. v. Secretary of Labor, 471 U.S. 290, 294-95 (1985). The FLSA creates a private right of action against any "employer" who violates the overtime provisions. *See, e.g.,* Mirabal v. Metro Parking Corp., 2016 WL 9455606 at *2 (S.D. Fla. 2016) *citing 29 U.S.C. 216(b).* The economic realities test controls the issue of whether a plaintiff is an employee for purposes of causes of action arising under the FLSA. *See, e.g.,* Villarreal, 113 F.3d at 205. The economic realities test includes inquiries into whether the employer: (1) had the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *Id.* **The economic realty test to determine whether an individual is an employee within the protection of FLSA applies not only at summary judgment state of the proceedings, but also on a motion to dismiss for failure to state a claim on which relief may be granted**. *See, e.g.,* Blake, 191 F.Supp.3d at n. 1 *citing* Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc., 494 Fed.Appx. 940, 943 (11th Cir. 2012) (Economic reality test properly applied when reviewing a motion to dismiss); Brouwer, 139 F.3d at 819.

Plaintiff vaguely alleges that he worked for Defendant, and claims that "Defendant can argue that Plaintiff was an independent contractor, if appropriate, in a motion for summary

9

judgment, after the facts have been developed during discovery. *D.E. 19.* **But a plaintiff's mere claim that he is an "employee" is a legal conclusion that the Court is not bound to accept as true**. *See, e.g.,* Freeman v. Key Largo Volunteer Fire and Rescue Dept., Inc., 494 Fed.Appx. 940, 944 n. 2 (11th Cir. 2012) *citing* Twombly, 550 U.S. at 555. Plaintiff's arguments within his Response rely upon Turcios v. Delicias Hispanas Corp., 275 Fed.Appx. 879, 882-883 (11th Cir. 2008), but Plaintiff fails to consider that the decision in Freeman, 494 Fed.Appx. at 944, came down four (4) years ***after*** Turcios, 275 Fed.Appx. at 883, and specifically addresses the issue of adequately pleading an employment relationship within a plaintiff's Complaint. In any event, Plaintiff has not alleged that Defendant supervised or controlled the conditions of his work (because it did not). *Id.* For the reasons set forth herein, Plaintiff's Complaint should be dismissed for failure to state a claim.

### III. CONCLUSION

Plaintiff's boilerplate Complaint is devoid of any specific factual allegations that can sufficiently establish enterprise or individual coverage under the FLSA. Plaintiff has also failed to properly allege that Defendant is its FLSA employer during the time periods alleged within the Complaint. Most respectfully, Plaintiff's Complaint should be dismissed immediately.

WHEREFORE, for the reasons set forth herein, Defendant, VIP SYSTEMS, INC., respectfully requests that this Honorable Court enter an order: (a) dismissing Plaintiff's Complaint with prejudice; and (b) entering any and all such further relief as is deemed just and equitable under the circumstances.

**Dated this 14th day of November, 2017.**

> Respectfully Submitted,
>
> **JORDAN RICHARDS, PLLC**
> 401 E. Las Olas Blvd. Suite 1400
> Fort Lauderdale, Florida 33301
> (954) 871-0050
> *Counsel for Defendant*
>
> By: */s/ Jordan Richards*
> JORDAN RICHARDS, ESQUIRE
> Florida Bar No. 108372
> *jordan@jordanrichardslaw.com*
> *jordan@FLSAfirm.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing motion was served on all parties listed below via the CM/ECF on November 14, 2017.

> */s/ Jordan Richards, Esq.*
> JORDAN RICHARDS, ESQUIRE
> Florida Bar No. 108372

## SERVICE LIST:

**J.H. ZIDELL, ESQUIRE**
Florida Bar No. 0010121
*zabogado@aol.com*
**RIVKAH JAFF, ESQUIRE**
Florida Bar No. 107511
*Rivkah.Jaff@gmail.com*
**NEIL TOBAK, ESQUIRE**
Florida Bar No. 93940
*Ntobak.zidellpa@gmail.com*
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiff*