UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-cv-23453-DPG

OSCAR ALI FARRERA ARGUINZONEZ,
and others similarly situated under 29
U.S.C. 216(b),

     Plaintiff,

v.

VIP SYSTEMS, INC.,

     Defendant.

_____/

**MOTION TO STAY DISCOVERY PENDING ADJUDICATION OF MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER**

Defendant, VIP SYSTEMS, INC. (hereinafter referred to as "Defendant") by and through undersigned counsel, and pursuant to *Fed. R. Civ. P. 26(c)(1)*, hereby files its Motion to Stay Discovery Pending Adjudication of Motion to Dismiss, or, in the Alternative, Motion for Protective Order, as follows:

**I.    FACTS**

On September 19, 2017, Plaintiff, OSCAR ALI FARRERA ARGUINZONEZ ("Plaintiff") filed his Complaint against Defendant, VIP SYSTEMS, INC. (hereinafter referred to as "Defendant"). *D.E. 1*. Defendant filed its Motion to Dismiss for Failure to State a Claim on October 26, 2017. *D.E. 15*. Plaintiff filed his Response in Opposition to Defendant's Motion to Dismiss for Failure to State a Claim on November 7, 2017. *D.E. 19*. Defendant then filed its Reply in Support of Motion to Dismiss for Failure to State a Claim on November 14, 2017. *D.E. 20*. After fully briefing its Motion to Dismiss for Failure to State a Claim, Defendant filed its

Response in Opposition to Plaintiff's Statement of Claim on November 29, 2017. *D.E. 21.* Within its Response in Opposition to Plaintiff's Statement of Claim, Defendant respectfully advised this Honorable Court as follows:

> [O]n November 17, 2017, the Hon. Robert Scola dismissed an FLSA Complaint filed by the very same firm representing this Plaintiff, on the very same grounds articulated within the Motion to Dismiss presently before this Honorable Court… Defendant further draws this Honorable Court's attention to the language within Judge Scola's Order of Dismissal as follows: "The failure of the Plaintiff to include specific factual allegations to support his conclusion that he is a covered employee is especially troubling because, as noted by Defendant, Plaintiff's counsel has had similar complaints dismissed by other courts in this district for the exact same deficiencies." Here, Plaintiff relies upon the very same unavailing arguments that have been rejected on multiple occasions now.

*D.E. 21, n. 1.*

On December 21, 2017, the parties filed their Joint Scheduling Report. *D.E. 22.* That very same day, immediately after having conducted a Rule 16 scheduling conference, Plaintiff served the following discovery requests[1] on Defendant:

1. Plaintiff's First Request for Admissions;
2. Plaintiff's First Request for Production;
3. Notice of Serving Interrogatories;
4. Plaintiff's First Set of Interrogatories.

*See E-mail Composite attached hereto as Exhibit "A."*

Within his service of these documents, Plaintiff also demanded that Defendant agree to be deposed under *Fed. R. Civ. P. 30(b)(6)* on either January 26, 2018; January 31, 2018; or February 1, 2018. *Exhibit "A."* On December 27, 2017, after Plaintiff served its discovery requests, this Honorable Court entered its Scheduling Order, which sets the discovery deadline on **September**

---

[1] In total, Plaintiff has served one hundred six (106) discovery requests on Defendant. The deadline to respond to these discovery requests is January 22, 2018.

2

**7, 2018**. *D.E. 23*[2]. That same day (less than forty-eight hours after the Christmas holiday and just two business days after first requesting the deposition), Plaintiff demanded an answer to its deposition requests. *Exhibit "A."*

Defendant's Motion to Dismiss has yet to be adjudicated, yet another court within this same judicial district very recently dismissed a similarly insufficient complaint drafted by this same law firm on the same grounds articulated by this Defendant. Notwithstanding this information, all discovery sought by this Plaintiff is predicated upon the actual sufficiency of his Complaint under *Fed. R. Civ. P. 26*. In response to Plaintiff's demand on December 27, 2017, Defendant advised Plaintiff of its intent to request a stay of discovery in this matter until the Motion to Dismiss is adjudicated, and Plaintiff advised Defendant as follows:

> We oppose. However, regardless the Court has entered a scheduling order, and we cannot prejudice the Plaintiff by burning out discovery in the interim.

*Exhibit "A."*

Defendant reminded Plaintiff that the discovery deadline in this lawsuit has been issued for September 7, 2018 – **more than eight (8) months away**. *Exhibit "A."* Accordingly, no prejudice whatsoever will be imposed by a brief stay to the discovery proceedings for this Honorable Court to issue its ruling on the Motion to Dismiss. Notwithstanding the apparent absence of any prejudice whatsoever, Plaintiff nevertheless maintains that he "will be prejudiced," but offers no explanation as to *how* he will suffer any prejudice if this Honorable Court briefly stays discovery pending its ruling on Defendant's Motion to Dismiss for Failure to State a Claim. Most respectfully, this Honorable Court should stay discovery in this lawsuit until it has an opportunity

---

[2] The actual document relative to this Honorable Court's Scheduling Order reflects an entry date of December 27, 2017, while the CM/ECF docket entry indicates that the document was entered on December 21, 2017. *D.E. 23.*

to rule on the Motion to Dismiss, or, in the alternative, enter a protective order that relieves Defendant from responding to discovery or providing deposition dates until further order of this Honorable Court.

## II.     MEMORANDUM OF LAW

### a. Motion to Stay Discovery

District courts enjoy broad discretion in deciding how to best manage the cases before them.  *See, e.g.,* McCullough v. Royal Caribbean Cruises, Ltd., 2017 WL 6372619, at *1 (S.D. Fla. 2017) *citing* Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997).  This includes the "broad discretion to stay proceedings as an incident to its power to control its own docket." *Id. citing* Clinton v. Jones, 520 U.S. 681, 683 (1997).  To prevail on a motion to stay, a movant must show "good cause and reasonableness," and the Court "must balance the harm produced by a delay in discovery against the possibility that a motion will be granted and eliminate the need for such discovery." *See, e.g.* McCabe v. Foley, 233 F.R.D. 683, 685 (M.D. Fla. 2006). Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden of expense of the proposed discovery outweighs its likely benefit, and information within this scope of discovery need not be admissible in evidence to be discoverable. *Fed. R. Civ. P. 26(b)(1).*  In McCullough, 2017 WL 6372619, at *1, this Honorable Court ruled that a stay of discovery was warranted where a motion to dismiss for lack of personal jurisdiction was fully briefed and pending before the court.  *Id.*  More specifically, in McCullough, 2017 WL 6372619,

4

this Honorable Court permitted the plaintiff to take *jurisdictional discovery* but implemented a sixty (60) day stay on all other merits-based discovery. *Id.*

Here, personal jurisdiction is not contested, but Plaintiff has failed to state a claim. *D.E. 16.* Defendant has provided this Honorable Court with a very recent ruling where a motion to dismiss was granted (against the very same law firm representing this Plaintiff) on the very same grounds articulated by Defendant in this lawsuit. *D.E. 16; D.E. 21.* Furthermore, within its Motion to Dismiss, Defendant cites Attai v. Delivery Dudes, LLC, 2016 WL 828816 at *2 (S.D. Fla. 2016), which held that a plaintiff's "need for discovery" does not alleviate the plaintiff from complying with the basic pleading standards under *Fed. R. Civ. P. 8. Id.* There is no basis whatsoever for Plaintiff to invoke any need for discovery as this stage of the proceedings where a motion to dismiss for failure to state a claim is fully briefed and pending before this Honorable Court. Furthermore, if required to answer Plaintiff's discovery requests, Defendant will incur unnecessary expenses and costs on discovery. *D.E. 16.* Plaintiff argues "prejudice," in opposition to this request, but any such claim of "prejudice" is simply unavailing, particularly where this Honorable Court has imposed a discovery deadline that is **over eight (8) months away**. *Exhibit "A;" D.E. 23.* Most respectfully, this Honorable Court should grant Defendant's Motion to Stay Discovery Pending Adjudication of Motion to Dismiss and alleviate any requirement for Defendant to respond to the discovery requests issued by Plaintiff and/or any requests for depositions until further order of this Honorable Court.

      b. **Motion for Protective Order**

In addition to the relief sought under this Honorable Court's inherent power to control its own docket, Defendant further requests that this Honorable Court enter a protective order pursuant to *Fed. R. Civ. P. 26(c).* A party or any person from whom discovery is sought may move for a

protective order in the court where the action is pending, and the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

> (A) Forbidding the disclosure or discovery;
> (B) Specifying terms, including time and place or the allocation of expenses, for the disclosure of discovery;
> (C) Prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) Forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> (E) Designating the persons who may be present while the discovery is conducted;
> (F) Requiring that a deposition be sealed and opened only on court order;
> (G) Requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> (H) Requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

*Fed. R. Civ. P. 26(c)(1)(A)-(H).*

Here, Plaintiff demands that Defendant incur unnecessary expenses to respond to discovery and deposition requests, notwithstanding that a Motion to Dismiss for Failure to State a Claim is fully briefed and pending before this Honorable Court. Defendant has respectfully taken the position that Plaintiff's Complaint fails as a matter of law. Absent a sufficiently pled Complaint, Plaintiff has no basis whatsoever to even request discovery from Defendant. Therefore, requiring this Defendant to respond to Plaintiff's discovery will only result in unnecessary cost and will impose a substantial burden of responding to 106 discovery requests, when there is overwhelming support in favor of Defendant's Motion to Dismiss. If, on the other hand, this Honorable Court determines that Plaintiff's Complaint is sufficiently pled, Defendant respectfully submits that the stay should nevertheless be granted, but that Defendant should then

be required to respond to any such discovery or deposition requests within thirty (30) days of the entry of such order.

### III.   CONCLUSION

Defendant's Motion to Dismiss for Failure to State a Claim is fully briefed. Plaintiff refuses to withdraw his discovery requests and demands for depositions dates pending adjudication of the Motion to Dismiss. Instead, Plaintiff demands that Defendant respond to these discovery requests and immediately provide deposition dates, notwithstanding that counsel for Plaintiff very recently had a *very similar* Complaint dismissed on the *very same grounds* articulated by Defendant in this case. Defendant respectfully submits that these discovery requests have been submitted for reason other than to increase litigation costs, particularly when the discovery deadline imposed by this Honorable Court is over eight (8) months away.

WHEREFORE, for the reasons set forth herein, Defendant, VIP SYSTEMS, INC., respectfully requests that this Honorable Court enter an order: (a) staying discovery in the instant matter pending adjudication of Defendant's Motion to Dismiss for Failure to State a Claim; (b) protecting Defendant from having to respond to any discovery requests or deposition requests until further order of this Honorable Court; and (c) entering any and all such further relief as is deemed just and equitable under the circumstances.

### CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), prior to the filing of the instant motion, counsel for Defendant conferred with counsel for Plaintiff regarding the relief sought herein. Counsel for Plaintiff opposes any such relief requested by Defendant and demands that Defendant agree to deposition dates no later than January 3, 2018.


**Dated this 2nd day of January, 2018.**

Respectfully Submitted,

**JORDAN RICHARDS, PLLC**
401 E. Las Olas Blvd. Suite 1400
Fort Lauderdale, Florida 33301
(954) 871-0050
*Counsel for Defendant*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
*jordan@jordanrichardslaw.com*
*jordan@FLSAfirm.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing motion was served on all parties listed below via the CM/ECF on January 2, 2018.

*/s/ Jordan Richards, Esq.*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST:

**J.H. ZIDELL, ESQUIRE**
Florida Bar No. 0010121
*zabogado@aol.com*
**RIVKAH JAFF, ESQUIRE**
Florida Bar No. 107511
*Rivkah.Jaff@gmail.com*
**NEIL TOBAK, ESQUIRE**
Florida Bar No. 93940
*Ntobak.zidellpa@gmail.com*
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiff*