UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-23453-CIV-DPG

| | |
|---|---|
| OSCAR ALI FARRERA ARGUINZONEZ and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| VIP SYSTEMS, INC., | ) ) ) |
| Defendant. | ) ) ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY PENDING ADJUDICATION OF MOTION TO DISMISS, OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER [DE24]**

COMES NOW the Plaintiff, by and through the undersigned, pursuant to the Federal Rules of Civil Procedure, and responds in Opposition to Defendant's Motion to Stay Discovery Pending Adjudication of Motion to Dismiss, or, in the alternative, Motion For Protective Order, filed by Defendant as [DE24], and in support thereof states as follows:

1. On December 21, 2017, subsequent to the Parties holding their 26(f) conference, the Parties submitted their Joint Scheduling Report. [DE22]. That same day, the Court entered a Scheduling Order [DE23] setting forth various pretrial deadlines including the deadline to amend pleadings which is 3/5/2018, the deadline to join additional parties which is 3/5/18, and the deadline to conduct all fact discovery which is 9/7/18. Based on the Court's Scheduling Order [DE23], Plaintiff has approximately three (3) months to amend his pleadings, should discovery determine same to be necessary.

1

2. Defendant now moves to stay all requirements set forth by the Court in its Scheduling Order [DE23] pending adjudication of Defendant's Motion to Dismiss [DE15]. *See,* [DE24].

3. In this District, motions for stay regarding deadlines in the Court's Scheduling Order are highly disfavored and the Court will only grant a stay in the rarest of circumstances such as interlocutory appeal. *See, Sosa v. MRC Express, Inc.,* Case No.: 17-20442-CIV-LENARD/GOODMAN [DE14]; *Lopez v. La Casa De Los Trucos, Inc. a/k/a The House of Magic, Inc., et al.,* Case No.: 16-24696-CIV-LENARD/GOODMAN [DE14].

4. "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *See Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citing *Hovermale v. School Board of Hillsborough County,* 128 F.R.D. 287 (M.D. Fla. 1989)); *See also,Lugo v. Alvarado,* 819 F.2d 5, 7 (1st Cir. 1987).

5. Plaintiff will be substantially, and possibly irreparably, prejudiced by a stay in this matter pending the Court's ruling on the pending Motion to Dismiss [DE15]. There is the very real concern regarding preservation of evidence (i.e. work orders, invoices, etc.) as it relates to issues in this case. *See also, Villani v. M.I. Courier Services, Inc., et al.,* Case No.: 17-CIV-23833-RNS [DE22].

6. Further, discovery would be necessary, and Plaintiff would be entitled to same (i.e. depose Defendant and non-party witnesses, serve written discovery, etc.), should the Court rule in the Plaintiff's favor, thus, a stay would simply delay the discovery necessary to reach resolution of the issues in this case. Moreover, should the Court rule in

Defendant's favor, the Court would likely dismiss the Complaint **without prejudice** and provide time for Plaintiff to amend the Complaint to correct any insufficiencies and then the case would continue.

7. Moreover, Defendant's requested relief will essentially eliminate valuable discovery time and Defendant's Motion [DE24] does not request that discovery be extended by the time eliminated after the adjudication of Defendant's Motion to Dismiss so that Plaintiff is not prejudiced by the relief sought.

8. Staying discovery would only delay discovery likely necessary to reaching a resolution of the issues in this case. For example, if Defendant refuses to stipulate to the interstate commerce prong of FLSA coverage/subject-matter jurisdiction and, among other defenses, contend that Plaintiff was an independent contractor and not an "employee" as that term is defined by the FLSA, the discovery sought would be relevant to this matter and help narrow issues.

9. On August 21, 2017, Plaintiff's counsel sent an initial conferral email to Defense counsel requesting deposition dates for the 30(b)(6) Corporate Representative of the Corporate Defendant along with proposed dates to timely set said depositions[1] and a draft of the Notice.

10. Plaintiff has **not** unilaterally issued Notice of Taking Depositions but continues to confer, in good faith, with Defendant so as to set the deposition on a mutually agreed to date. *See,* [DE24-1]. Defendant continues to stonewall Plaintiff despite the fact that the filing of a motion to stay does not stay discovery.

---

[1] Plaintiff has proposed dates in late January and early February thus possibly giving the Court sufficient time to rule on Defendant's pending Motion to Dismiss.

11. Per the Court's Scheduling Order [DE23], "**[n]o written discovery motions, including motions to compel, for protective order, or related motions for sanctions shall be filed unless the Magistrate Judge requests it after a discovery hearing**."  Moreover, the attached discovery procedures for the Honorable Magistrate Judge Otazo-Reyes [DE23], mimics the language of the Order and sets forth the procedure to be followed when a moving party seeks relief on a discovery dispute that the Parties are unable to resolve. Per the Court, "[i]t is the intent of this procedure to minimize the necessity of motions." *Id.*

12. In blatant disregard for the Court's Order and procedures that are applied to both Parties, Defendant filed their pending Motion [DE24].

13. Fed. R. Civ. P 16(f) empowers the Court to impose sanctions on a party which fails to participate in good faith in a scheduling or pretrial conference or fails to obey a scheduling or other pretrial order. Instead or in addition to the sanctions authorized in subsection (1),subsection (2) of the rule provides that the court "must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R.Civ. P. 16(f); *See also, Fed. R. Civ. P. 37.*

14. Defendant's Motion [DE24] fails to state any reasonable justification for its noncompliance with the Court's clearly worded Order [DE23]. Defendant merely usurps the Court's authority to control the calendar in this case, believing that it is exempt from complying with the Court's rules and procedures created "to minimize the necessity of motions."

15. Further, Federal Rules of Civil Procedure, Rule 30(b)(1) states in part that "a party who wants to depose a person by oral question must given reasonable written notice to ever other party." The filing of a motion for a Protective Order does not excuse the movant from complying with the discovery requested. *See, Discovery Practice in the United States District Court Middle District of Florida,* § VI B; *See also, King v. Fidelity National Bank of Baton Rouge,* 712 F.2d 188, 191 (5th Cir.1983) (per curiam), *cert. denied* 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984); *In re Skyway Development Corp.,* 67 B.R. 674, 677 (Bankr.M.D.Fla.1986); *Williams v. Am. Tel. & Tel. Co.,* 134 F.R.D. 302, 303 (M.D. Fla. 1991).

16. It is Plaintiff's position, supported by controlling law, that it is not appropriate to seek a protective order for a corporate representative's depositions at this time as the deposition should proceed and if issues arise same can addressed later at a hearing. *See, Direct Gen. Ins. Co. v. Indian Harbor Ins. Co.,* No. 14-20050-CIV, 2015 WL 12745536, at *1 (S.D. Fla. Jan. 29, 2015); *Balu v. Costa Crociere S.P.A.,* No. 11-60031-CIV, 2011 WL 3359681, at *1 (S.D. Fla. Aug. 3, 2011); *New World Network Ltd. v. M/V NORWEGIAN SEA,* No. 05-22916 CIV, 2007 WL 1068124, at *1 (S.D. Fla. Apr. 6, 2007*); McMillan v. Dep't of Corr.,* No. 5:13-CV-292-WS-GRJ, 2015 WL 5169214, at *1 (N.D. Fla. Sept. 3, 2015).[2]

---

[2] *See also, Farnsworth v. Center for Disease Control,* 758 F.2d 1545, 1547 (11th Cir. 1985) ("While Rule 26(c) articulates a single standard for ruling on a protective order motion, that of 'good cause,' the federal courts have superimposed a somewhat more demanding balancing of interests approach under the Rule.") (citations omitted); *McCarthy v. Barnett Bank of Polk Cty.*, 876 F.2d 89, 91 (11th Cir. 1989) (citation omitted) (While a court has broad discretion to fashion a protective order, a '"court must articulate its reasons for granting a protective order sufficient for appellate review."'); *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429–30 (M.D. Fla. 2005) ("Rule 26(c) provides that upon a showing of good cause, a court 'may make any order which justice requires to protect a party or person from annoyance,

5

17. Further on December 21, 2017, Plaintiff propounded his initial discovery including Plaintiff's First Request for Admissions, First Request for Production, and First Set of Interrogatories, as permitted by Federal Rules of Civil Procedure 26(d)(1). Defendant's responses are not due until January 22, 2018. If Defendant has discovery disputes regarding the discovery served then Defendant is obligated to confer with Plaintiff's counsel as required by Local Rule 7.1 and then to set a Discovery Hearing, if necessary and appropriate, with the Honorable Magistrate Judge Otazo-Reyes as set forth by the Court's Scheduling Order [DE23].

18. Therefore, Plaintiff respectfully requests the Court deny Defendant's Motion filed as [DE24] in its entirety, allow the Parties to proceed with discovery as set forth in the Court's Scheduling Order [DE23], and Order the Defendant's deposition to occur on a mutually agreed upon date within fourteen (14) days of the Court's Order. Further, Plaintiff respectfully requests an award of attorneys' fees for having to file the instant Response in Opposition, all related work, and for Defendant vexatiously multiplying the proceedings unnecessarily.

## MEMORANDUM OF LAW

### Defendant Has Failed To Demonstrate Good Cause As To Why A Stay Should Be Entered.

*King Cole Condo. Ass'n v. QBE Ins. Corp.*, 2010 U.S. Dist. LEXIS 91901 (S.D. Fla. Aug. 12, 2010) illustrates the prongs that Defendant must establish in order to have the Court issue a stay.

---

embarrassment, oppression, or undue burden or expense.' The party seeking a protective order has the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order.") (citations omitted).

> "In order to obtain a stay, the court must determine 1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; 2) whether the applicant will be irreparably injured absent a stay, 3) whether issuance of the stay will substantially injure the other parties interested in the proceeding, and 4) where the public interest lies." *Florida Land Title Co. v. Martinez*, 1996 U.S. Dist. LEXIS 1245, 1996 WL 73386, *1 -2 (M.D. Fla. 1996) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987)).

*FTC v. Capital Choice Consumer Credit, Inc*., 2004 U.S. Dist. LEXIS 31476, 23-24 (S.D. Fla. May 4, 2004). Moreover, in this District, motions for stay regarding deadlines in the Court's Scheduling Order are highly disfavored and the Court will only grant a stay in the rarest of circumstances such as interlocutory appeal. *See, Sosa v. MRC Express, Inc.,* Case No.: 17-20442-CIV-LENARD/GOODMAN [DE14]; *Lopez v. La Casa De Los Trucos, Inc. a/k/a The House of Magic, Inc., et al.,* Case No.: 16-24696-CIV-LENARD/GOODMAN [DE14]. "In deciding whether to stay discovery pending resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *See Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D. Fla. 1997) (citing *Hovermale v. School Board of Hillsborough County,* 128 F.R.D. 287 (M.D. Fla. 1989)); *See also,Lugo v. Alvarado,* 819 F.2d 5, 7 (1st Cir. 1987).

Even if a movant demonstrates that a stay should be imposed under this standard, it is an abuse of discretion for a Court to enter a stay that is "immoderate" in scope. *See, Landis v. American Water Works & Electric Co.,* 299 U.S. 248, 254-55, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936). A stay is "immoderate" in scope unless it is "so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." *Id*. A proposed stay necessarily qualifies as "immoderate" if it is of indefinite duration in light of the circumstances. *Ortega Trujillo v. Conover & Co. Communications, Inc.,*

7

221 F.3d 1262, 1264-65 (11th Cir. 2000). A stay qualifies as indefinite where it is conditioned on the resolution of parallel proceedings whose endpoint is not in sight. *Id* (finding that proposed stay of civil fraud proceeding qualified as indefinite and thus "immoderate" where premised upon the conclusion of parallel litigation in the Bahamas that was "not progressing quickly" even though set for trial). The mere fact that a Court conditions a stay on periodic review or status reports does not rescue the stay from qualifying as "immoderate." *Id* at 1265, n. 3.

Defendant has failed to establish that the harm to them from continuing with the litigation outweighs the harm to Plaintiff from a stay. On the contrary, should the Court stay the case at bar, the stay will substantially injure Plaintiff in this proceeding. For example, with the passage of time memories fade, witnesses move and/or pass away, evidence may be spoiled, etc. Further, the interest of Plaintiff weighs heavily in favor of allowing Plaintiff to proceed with the instant case. It is well established that a plaintiff has an interest in proceeding expeditiously with litigation. *Cisco v. National Insur. Co.,* 2006 WL 2789035, * 1 (M.D. Fla. Sept. 26, 2006). There is no telling how long the Court will take to rule the pending Motions [DE15] and the stay will place Plaintiff's case in limbo for an indefinite amount of time. Discovery would be necessary, and Plaintiff would be entitled to same (i.e. depose Defendant and non-party witnesses, serve written discovery, etc.), should the Court rule in the Plaintiff's favor, thus, a stay would simply delay the discovery necessary to reach resolution of the issues in this case. Moreover, should the Court rule in Defendant's favor, the Court would likely dismiss the Complaint **without prejudice** and provide time for Plaintiff to amend the Complaint to correct any insufficiencies and then the case would continue. Moreover, Defendant's requested relief will essentially eliminate valuable discovery time and Defendant's Motion [DE24] does not request that discovery be extended by the time eliminated after the adjudication of Defendant's Motion to

Dismiss so that Plaintiff is not prejudiced by the relief sought. Thus, the Court should deny the requested stay for these reasons. *See also, Villani v. M.I. Courier Services, Inc., et al.,* Case No.: 17-CIV-23833-RNS [DE22].

### Defendant Has Failed To Demonstrate Good Cause As To Why A Protective Order Should Be Entered.

Per the Court's Scheduling Order [DE23],

> **Discovery Disputes.** The parties shall follow the attached discovery procedures for Magistrate Judge Otazo-Reyes. **No written discovery motions, including motions to compel, for protective order, or related motions for sanctions shall be filed unless the Magistrate Judge requests it after a discovery hearing.**

Moreover, the attached discovery procedures for the Honorable Magistrate Judge Otazo-Reyes [DE23], mimics the language of the Order and sets forth the procedure to be followed when a moving party seeks relief on a discovery dispute that the Parties are unable to resolve. Per the Court, "[i]t is the intent of this procedure to minimize the necessity of motions." *Id.*

Defendant's disruptive and obstructive actions in this matter are the latest in a series of actions from Defendant designed to unreasonably and vexatiously multiply the costs of litigation in this case.

Fed. R. Civ. P 16(f) empowers the Court to impose sanctions on a party which fails to participate in good faith in a scheduling or pretrial conference or fails to obey a scheduling or other pretrial order. Instead or in addition to the sanctions authorized in subsection (1) subsection (2) of the rule provides that the court "must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R.Civ. P. 16(f); *See also, Fed. R. Civ. P.* 37.

9

Defendant's Motion [DE24] fails to state any reasonable justification for its noncompliance with the Court's clearly worded Order [DE23]. Defendant merely usurps the Court's authority to control the calendar in this case, believing that it is exempt from complying with the Court's rules and procedures created "to minimize the necessity of motions." Defendant's noncompliance with the Court's Order [DE23] should be a basis alone for the denial of Defendant's Motion; the Court should not condone Defendant's blatant disregard of the Court's rules and procedures set forth in its Orders.

Further, a party seeking a protective order has the burden of showing that good cause exists by stating particular and specific facts. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 (1981).[3] Federal Rule of Civil Procedure 26(c) specifically instructs the court to limit the frequency or extent of discovery if justice so requires to protect a party or witness from annoyance, embarrassment, oppression, or undue burden or expense. Rule 26(b)(1) instructs the court to limit the frequency or extent of discovery if:

> (i) the discovery sought is unreasonably cumulative or is obtainable from a more convenient or less burdensome or expensive source, (ii) the party seeking the discovery has had ample opportunity to obtain the information, or (iii) the discovery is unduly burdensome or expensive taking into account the circumstances of the particular case.

*Steven Baicker-McKee*, *Federal Civil Rules Handbook*, 411 (1998 ed.). "The burden is upon the movant to show the necessity of [a protective order's] issuance, which contemplates a particular

---

[3] "Good cause" is a well established legal phrase. *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11thCir. 1987). Although difficult to define in absolute terms, it generally signifies a sound basis or legitimate need to take judicial action. *Id.* In a different context, the Eleventh Circuit court has identified four factors for ascertaining the existence of good cause which include "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." *Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193, 1205 (11thCir. 1985). In addition, the Eleventh Circuit has superimposed a "balancing of interests" approach to Rule 26(c). *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11thCir. 1985).

and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5thCir. 1998). In other words, the party seeking the protective order must show good cause by demonstrating a particular need for protection. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. *See id.* (citing *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5thCir. 1978) (requiring "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements")). Moreover, the alleged harm must be significant, not a mere trifle. *See Cipollone*, 785 F.2d at 1121 (citing *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982)).

At this juncture, it is vital for Plaintiff to have the opportunity to depose Defendant and have the opportunity to determine Defendant's position and defenses and to assess what follow-up discovery needs to be conducted relevant to the testimony elicited at same. Plaintiff has served Defendant with his Rule 26 initial disclosures (on 1/3/18) and, to date, has not received Defendant's. There is absolutely no justification to burn out an indefinite amount of time of discovery and prejudice Plaintiff. Further, Plaintiff's counsel has made many efforts to coordinate the depositions without the need for Court intervention and Defendant/counsel are completely unbending in their position. If Defendant and/or its counsel are not available on the proposed dates then they should propose alternative dates for the depositions to timely occur. There is no justification for Defendant to refuse to cooperate in the setting of depositions that are necessary to the case at bar.

The filing of a motion for a Protective Order, while also in direct violation of the Court's Order [DE23], does not excuse the movant from complying with the discovery requested. *See, Discovery Practice in the United States District Court Middle District of Florida,* § VI B; *See*

*also, King v. Fidelity National Bank of Baton Rouge,* 712 F.2d 188, 191 (5th Cir.1983) (per curiam), *cert. denied* 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984); *In re Skyway Development Corp.,* 67 B.R. 674, 677 (Bankr.M.D.Fla.1986); *Williams v. Am. Tel. & Tel. Co.,* 134 F.R.D. 302, 303 (M.D. Fla. 1991). As the Court had not ruled on Defendant's Motion for Protective Order [DE24] or Defendant's Motion to Dismiss [DE15] it is reasonable for Plaintiff to expect Defendant to cooperate in timely setting depositions.

Further, the Court ought to sanction Defendant as follows pursuant to Rule 37(a)(4)(A):

> …the Court **shall**, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court find that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objections was substantially justified, or that other circumstances make an award of expenses unjust.

"Federal Rules of Civil Procedure 37(d) authorizes the imposition of sanctions, including dismissal, for a complete failure to appear for a deposition after being served with notice" and provides that "[n]o prior court order is required for Rule 37(d) sanctions." *United States v. One Lot of U.S. Currency Totalling $506,537.00*, 628 F. Supp. 1473, 1476 (S.D. Fla. 1986) (alterations in original). Rule 37(d)(3) also makes clear that the imposition of reasonable fees and costs are mandatory unless the failure to appear was substantially justified or other circumstances make an award unjust.

WHEREFORE PLAINTIFF RESPECTFULLY REQUESTS THE COURT DENY DEFENDANT'S MOTION FILED AS [DE24] IN ITS ENTIRETY, ALLOW THE PARTIES TO PROCEED WITH DISCOVERY AS SET FORTH IN THE COURT'S SCHEDULING ORDER [DE23], AND ORDER THE DEFENDANT'S DEPOSITION TO OCCUR ON A

MUTUALLY AGREED UPON DATE WITHIN FOURTEEN (14) DAYS OF THE COURT'S ORDER. FURTHER, PLAINTIFF RESPECTFULLY REQUESTS AN AWARD OF ATTORNEYS' FEES FOR HAVING TO FILE THE INSTANT RESPONSE IN OPPOSITION, ALL RELATED WORK, AND FOR DEFENDANT VEXATIOUSLY MULTIPLYING THE PROCEEDINGS UNNECESSARILY.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR
PLAINTIFF 300-71ST
STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Neil Tobak, Esq.
Neil Tobak, Esquire
Florida Bar No.: 93940

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THATA TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CMECF ON 1/3/18 TO:**

**JORDAN RICHARDS, ESQ.,
JORDAN RICHARDS, PLLC
401 E. LAS OLAS BLVD. SUITE 1400
FORT LAUDERDALE, FLORIDA 33301
PH: (954) 871-0050
EMAIL:  JORDAN@JORDANRICHARDSLAW.COM
JORDAN@FLSAFIRM.COM**

**BY:    /s/____Neil Tobak_____
           NEIL TOBAK, ESQ.**