## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.: 17-cv-23453-DPG

OSCAR ALI FARRERA ARGUINZONEZ,
and others similarly situated under 29
U.S.C. 216(b),

        Plaintiff,

        v.

VIP SYSTEMS, INC.,

        Defendant.

_____/

### REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY
### PENDING ADJUDICATION OF MOTION TO DISMISS, OR, IN THE ALTERNATIVE,
### MOTION FOR PROTECTIVE ORDER

Defendant, VIP SYSTEMS, INC. (hereinafter referred to as "Defendant") by and through

undersigned counsel, and pursuant to *Fed. R. Civ. P. 26(c)(1)*, hereby files its Reply in Support of

Motion to Stay Discovery Pending Adjudication of Motion to Dismiss, or, in the Alternative,

Motion for Protective Order, as follows:

Defendant cites very recent case law (issued by this Honorable Court) in support of its

request to stay discovery pending adjudication of a fully briefed Motion to Dismiss. *D.E. 24.*

Plaintiff opposes Defendant's Motion to Stay Discovery and now seeks sanctions against

Defendant for filing the instant motion, notwithstanding Defendant's citation to this Honorable

Court's prior ruling. *D.E. 25.* Plaintiff's Response further includes false information and fails to

articulate any basis whatsoever on which Defendant should be sanctioned. *Id.* As set forth fully

below, this Honorable Court should stay discovery pending adjudication of Defendant's Motion

to Dismiss for Failure to State a Claim.

Defendant filed its Motion to Stay Discovery, or, in the Alternative, Motion for Protective Order on January 2, 2018. *D.E. 24.* Defendant's motion is predicated upon a fully briefed Motion to Dismiss for Failure to State a Claim that is presently before this Honorable Court. *D.E. 15; D.E. 19; D.E. 20.* On December 21, 2017, Plaintiff submitted one hundred six (106) discovery requests to Defendant, and has further demanded that Defendant agree to be deposed on a date in the month of January 2018, yet refuses to agree to any stay whatsoever, regardless of the duration. *D.E. 24; D.E. 25.* Defendant respectfully submits that unless discovery is stayed pending adjudication of the Motion to Dismiss, it will incur unnecessary expense responding to these voluminous discovery requests, and that such a stay is particularly warranted because Plaintiff's Complaint is insufficient as a matter of law. *D.E. 24.* In furtherance of its request for a stay, Defendant cites McCullough v. Royal Caribbean Cruises, Ltd., 2017 WL 6372619, at *1 (S.D. Fla. 2017), a case in which this Honorable Court granted a stay of merit-based discovery pending adjudication of a motion to dismiss.[1] *Id.*

Plaintiff filed his Response in Opposition to Defendant's Motion to Stay Discovery, or, in the Alternative, Motion for Protective Order on January 3, 2018. *D.E. 25.* Now, instead of addressing McCullough, 2017 WL 6372619, at *1, in any conceivable way, Plaintiff submits the following arguments:

     (1) Defendant has "blatantly disregarded the Court's Order and procedures;"
     (2) On August 21, 2017, Plaintiff's counsel sent an initial conferral e-mail to Defense counsel requesting deposition dates;
     (3) "Defendant's disruptive and obstructive actions in this matter are the latest in a series of actions from Defendant designed to

---

[1] In McCullough, 2017 WL 6372619, at *1, this Honorable Court's scheduling order included the very same language that appears within the scheduling order in this case [D.E. 23] regarding written discovery motions. *Id.* Yet, this Honorable Court nevertheless permitted the defendant in McCullough, 2017 WL 6372619 to submit its Motion to Stay Discovery and did not sanction defendant for doing so. Plaintiff's Response apparently overlooks this very pertinent fact.

unreasonably and vexatiously multiply the costs of litigation in this case;"

(4) Defendant's actions warrant the imposition of sanctions;

(5) Defendant has failed to demonstrate good cause as to why a protective order should be entered; and

(6) Should the Court rule in Defendant's favor, the Court would likely dismiss the Complaint **without prejudice** and provide time for Plaintiff to amend the Complaint and correct any insufficiencies and then the case would continue [emphasis in original]; and

(7) Defendant "now moves to stay all requirements set forth by the Court in its Scheduling Order pending adjudication of Defendant's Motion to Dismiss."[2]

*D.E. 25.*

None of these arguments have any merit whatsoever. As a threshold matter, this lawsuit was filed on September 19, 2017, which makes it ***factually impossible*** for Plaintiff to have sent requests for deposition dates on August 21, 2017, as argued by Plaintiff. *D.E. 1; D.E. 25.* **Plaintiff nevertheless submits this patently false information to this Honorable Court**. *D.E. 25, ¶9.* Furthermore, the relief sought herein does not concern mundane discovery disputes; rather, the relief sought could potentially affect the dates set forth within this Honorable Court's Scheduling Order, thus warranting the submission of this motion to this Honorable Court. *D.E. 23.* Defendant only filed the instant motion with this Honorable Court (as opposed to submitting the dispute to the Magistrate Judge) after discovering prior rulings issued by this Honorable Court concerning a party's request for a stay of discovery pending adjudication of a motion to dismiss. *See, e.g.,* McCullough, 2017 WL 6372619, at *1 (S.D. Fla. 2017).[3]  But Plaintiff fails to address this case

---

[2] This is a gross mischaracterization of Defendant's Motion to Stay Discovery Pending Adjudication of Motion to Dismiss, or, in the Alternative, Motion for Protective Order. Defendant very clearly does not seek a stay of "all requirements" as argued by Plaintiff. Accordingly, this argument deserves no further discussion.

[3] In McCullough, 2017 WL 6372619, at *1, the defendant sought alternative relief in the form of a protective order. *Id.* Defendant makes this same request here.

law in any conceivable way.  *D.E. 25.*  Accordingly, Defendant has not "blatantly disregarded" this Honorable Court's Order, and only submits this motion based upon Defendant's good faith belief that the relief sought herein is properly submitted to this Honorable Court.  Plaintiff nevertheless argues that sanctions are warranted against Defendant because Defendant filed the instant motion with this Honorable Court (after the parties conducted a Local Rule 7.1(a)(3) conferral) instead of scheduling a discovery hearing with the Magistrate Judge.  *D.E. 25.*  But Plaintiff simply fails to provide any evidence whatsoever of Defendant's purportedly "disruptive" conduct.  Plaintiff has not explained how filing a well-founded Motion to Stay constitutes "vexatious" or "unreasonable" conduct, nor does Plaintiff point to any evidence of other "disruptive or unreasonable" acts committed by Defendant, let alone a "series of actions" (because none exist).  To date, Defendant has submitted a fully briefed Motion to Dismiss, filed its certificate of interested parties and corporate disclosure statement, served its Rule 26(a) Initial Disclosures, participated in a Rule 16 scheduling conference, and now seeks to stay discovery pending adjudication of the Motion to Dismiss.  Furthermore, unbeknownst to this Honorable Court, on January 3, 2018, **immediately after** Plaintiff filed his Response in Opposition to Defendant's Motion to Stay, counsel for Plaintiff demanded **six (6) additional deposition dates** in the months of January and February 2018.[4]  *See E-mail from Rivkah Jaff, Esq. attached hereto as Exhibit "A."*  This demand for more depositions (and the timing of such demand) further illustrates Plaintiff's true intent regarding the use of discovery in this lawsuit – to harass and unnecessarily drive up the costs of litigation before this Honorable Court rules on a fully briefed

---

[4] Plaintiff's demand for additional deposition dates was prompted by Defendant's service of Rule 26(a) Initial Disclosures, and should be interpreted as nothing more than an act of pure retaliation in response to the filing of the instant motion.

motion to dismiss.  Plaintiff knows that Defendant has sought to stay discovery, yet, incredibly, somehow argues that *Defendant* is engaged in "vexatiously multiplying the costs of litigation." *D.E. 25, p. 9.*  All evidence clearly points to the contrary.

An equally unavailing argument within Plaintiff's Response concerns his need for discovery to *possibly* amend the Complaint after this Honorable Court's ruling on the Motion to Dismiss.  *D.E. 25.*  But as previously noted, counsel for Plaintiff in this lawsuit very recently had an FLSA Complaint dismissed in this judicial district for failure to state a claim.  *D.E. 24.*  Notably, within his Order of Dismissal, Judge Scola admonished counsel for Plaintiff, as follows:

> The failure of the Plaintiff to include specific factual allegations to support his conclusion that he is a covered employee is especially troubling because, as noted by Defendant, Plaintiff's counsel has had similar complaints dismissed by other courts in this district for the exact same deficiencies… Yet rather than file an amended complaint in response to the Defendants' motion to dismiss citing to this case law, the Plaintiff instead filed a fourteen-page response arguing that he has, in fact, adequately pleaded his claim.  He has not.  The Court reminds Plaintiff's counsel that they must comply with the requirements of Federal Rule of Civil Procedure 11(b), which states, in relevant part, that by presenting a pleading, written motion, or other paper to the Court, the attorney certifies that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and that "the claims, defenses, and other legal contentions are warranted by existing law…"

*See, e.g., S.D. Fla. Case No. 1:17-cv-23010-RNS – Order on Defendant's Motion to Dismiss.*

Now, after having been previously admonished by another court within this judicial district, counsel for Plaintiff again refuses to amend the Complaint in this lawsuit (which could possibly moot the Motion to Dismiss altogether if drafted properly).  Instead, this law firm once again "doubles-down" on the sufficiency of Plaintiff's Complaint, yet, concedes that Plaintiff *may* need an opportunity to use the discovery process to amend the Complaint if a dismissal is entered.  *D.E. 25.*  But a plaintiff's "need" for discovery to establish a sufficient complaint is expressly

rejected by <u>Attai v. Delivery Dudes LLC</u>, 2016 WL 828816, at *2 (S.D. Fla. 2016) – another case cited in Defendant's Motion to Dismiss and Motion to Stay Discovery and ignored by Plaintiff.[5] *D.E. 16; D.E. 24.*

Plaintiff has made no attempt whatsoever to explain how a brief stay will prejudice him in this case, where the discovery deadline is currently September 7, 2018. *D.E. 23; D.E. 25.* All discovery and depositions sought by this Plaintiff are predicated upon the actual sufficiency of his Complaint under *Fed. R. Civ. P. 26*. Most respectfully, this Honorable Court should stay discovery in this lawsuit until it has an opportunity to rule on the Motion to Dismiss, or, in the alternative, enter a protective order that relieves Defendant from responding to discovery or providing deposition dates until further order of this Honorable Court.

WHEREFORE, for the reasons set forth herein, Defendant, VIP SYSTEMS, INC., respectfully requests that this Honorable Court enter an order: (a) staying discovery in the instant matter pending adjudication of Defendant's Motion to Dismiss for Failure to State a Claim; (b) protecting Defendant from having to respond to any discovery requests or deposition requests until further order of this Honorable Court; and (c) entering any and all such further relief as is deemed just and equitable under the circumstances.

---

[5] It should be noted that Defendant has gone to great lengths to provide Plaintiff an opportunity to amend the Complaint, yet, Plaintiff adamantly refuses to do so, notwithstanding prior admonition from other courts within this district.  Instead of properly amending his Complaint, Plaintiff has chosen to unnecessarily increase litigation costs by drafting discovery demands and requesting **seven (7)** depositions before any ruling is issued on the Motion to Dismiss.  Most respectfully, this Court should consider Plaintiff's actions when determining whether to provide Plaintiff the opportunity to amend his Complaint.

Dated this 3rd day of January, 2018.

Respectfully Submitted,

**JORDAN RICHARDS, PLLC**
401 E. Las Olas Blvd. Suite 1400
Fort Lauderdale, Florida 33301
(954) 871-0050
*Counsel for Defendant*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
*jordan@jordanrichardslaw.com*
*jordan@FLSAfirm.com*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing motion was served on all parties listed

below via the CM/ECF on January 3, 2018.

*/s/ Jordan Richards, Esq.*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST:

**J.H. ZIDELL, ESQUIRE**
Florida Bar No. 0010121
*zabogado@aol.com*
**RIVKAH JAFF, ESQUIRE**
Florida Bar No. 107511
*Rivkah.Jaff@gmail.com*
**NEIL TOBAK, ESQUIRE**
Florida Bar No. 93940
*Ntobak.zidellpa@gmail.com*
J.H. ZIDELL, P.A.
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167
*Attorneys for Plaintiff*