UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-23453-CIV-DPG/AOR

OSCAR ALI FARRERA ARGUINZONEZ  )
and all others similarly situated under 29  )
U.S.C. 216(b),  )
  )
        Plaintiffs,  )
vs.  )
  )
VIP SYSTEMS, INC.,  )
  )
        Defendant.  )
_____  )

### NOTICE OF DISCOVERY HEARING BEFORE THE HONORABLE MAGISTRATE JUDGE ALICIA M. OTAZO-REYES

PLEASE TAKE NOTICE that the undersigned attorney for the Plaintiff will call to be heard on the Court's discovery calendar before the HONORABLE MAGISTRATE JUDGE ALICIA M. OTAZO-REYES, at the c. Clyde Atkins U.S. Courthouse, 301 North Miami Avenue, 10th Floor, Miami, FL 33128, on March 8, 2018, at 3:00 p.m.

1. Plaintiff seeks to compel an inspection of Defendant's premises pursuant to Fed. R. Civ. P. 34.

    a. Plaintiff's counsel has made several requests to inspect Defendant's premises. Defendant's counsel has objected to each of these requests. The obvious purpose behind this inspection is to gather evidence of goods and materials used by Defendant's employees in relation to the interstate commerce prong of FLSA coverage/subject-matter jurisdiction. *See, Polycarpe et al. v. E & S Landscaping*, 616 F.3d 1217 (11th Cir. 2010); *See also, Galdames v. N & D Inv. Corp.*, 21 Fla. L. Weekly Fed. D 529 (S.D. Fla. 2008), aff'd, 432 Fed. Appx. 801 (11th Cir. 2011)(it is sufficient if "two or more employees engaged in such activities, and does not require that it be the individuals bringing suit.").

b. Plaintiff intends to inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it by, without limitation, all tools, all machines, all goods, all supplies, all products, and all materials used by Plaintiff, their relevant coworkers, or any of Defendant's employees (including any alleged independent contractors) during the time period that Plaintiffs were allegedly employed by Defendant, including, without limitation, office supplies (i.e. pens, clipboards, paper, time clocks, parking passes, etc.), walkie-talkies, golf carts, computers, etc. *See, Barea v. Miami Used Pallets, Corp., et al.,* Case No.: 15-22087.

c. Therefore, Plaintiff respectfully requests this Court enter an Order compelling Defendants to permit Plaintiff to enter onto Defendant's property to inspect said premises in accordance with the Federal Rules and for Plaintiff to participate in said inspection and for same to occur on an agreed date and time on or before March 18, 2018. Plaintiff respectfully requests all fees and costs in relation to this Motion and all related work.

2. Plaintiff is requesting the Court address issues with respect to Defendant's objections and responses to Plaintiff's initial set of discovery, directed towards Defendant.

I. <u>Defendant's Responses to Plaintiff's First Set of Interrogatories:</u>

**Interrogatory Nos. 6, 7:**

These Interrogatories seek for the Defendant to list their suppliers and witnesses and their addresses. Defendant objects without responding. Defendant is contesting the interstate commerce prong of FLSA subject matter jurisdiction. Defendant's suppliers relate specifically to interstate commerce and Plaintiff is entitled to a list of Defendant's suppliers to conduct deposition duces tecum as Defendant is disputing interstate commerce. Defendant needs to respond to the years 2016 and 2017 at the least, should defendant claim 2014 and 2015 to be overbroad. Further, interrogatory No. 7 requests witness who were similarly situated to that of

the plaintiff and relates specifically to Defendant's assertion that the Plaintiff was an independent contractor. Therefore, the Court should direct Defendant, to better respond to Interrogatory Nos. 6 and 7.

    II.    <u>Defendant's Responses to Plaintiff's First Request for Production:</u>

**<u>Request for Production Nos. 11, 13, 22, 28, 31, 32, 82:</u>**

All the requests objected to go directly to Plaintiff claims for overtime wages. Also, Defendant's objections are misplaced. These Requests contain basic discovery Plaintiff is entitled to obtain to avoid surprises at Trial. The Defendant has yet to file an answer and/or any affirmative Defenses, the requested documents would reflect information relevant to any anticipated affirmative Defenses the Defendant intends to raise for trial. Therefore, the Court should direct Defendant, to better respond to Request for Production Nos. 11, 13, 22, 28, 31, 32, 82.

**<u>Request for Production Nos. #1, #2, #3, #4, #5, #6, #7, #8, #9, #10, #12, #14, #15, #16, #21, #23, #24, #29, #36, #38, #39, #46, #,47, #48, #49, #50, #51, #55,#56 #58, #59, #60, #61, #62, #63, #64, #68, #69, #70, #71, #74, #75, #76 - #81:</u>**

Plaintiff reincorporates the law and facts as set forth above. Defendant agrees to produce documents response to the above mention requests at a mutually agreeable date and time. After much conferral, and as of the date of this filing, Defendant has failed to produce any responsive documents and/or provided a date wherein said documents will be produced. Therefore, the Court should direct Defendant to produce documents to Request for Production Nos. #1, #2, #3, #4, #5, #6, #7, #8, #9, #10, #12, #14, #15, #16, #21, #23, #24, #29, #36, #38, #39, #46, #,47, #48, #49, #50, #51, #55,#56 #58, #59, #60, #61, #62, #63, #64, #68, #69, #70, #71, #74, #75, #76 - #81 by March 18, 2018.

    III.    <u>Defendant's Responses to Plaintiff's First Request for Admissions:</u>

**Request for Admissions Nos.  #3, #4, #5, #9, #10, #11, #12, #13:**

Plaintiff's request for admissions, request factually based admissions or denials from the Defendant. Defendant objects to same without admitting or denying. Said responses are germane to the case at bar and vital to narrowing issues at trial. Therefore, the Court should direct Defendant, to better respond to Request for Admissions Nos.  #3, #4, #5, #9, #10, #11, #12, #13.

WHEREFORE PLAINTIFF HEREIN RESPECTFULLY REQUESTS THE COURT DIRECT DEFENDANT VIP SYSTEMS INC., TO BETTER RESPOND TO PLAINTIFF'S INTERROGATORIES NOS. 6 AND 7 WITHIN ONE WEEK OF THE COURT'S ORDER, AND THAT PLAINTIFF BE AWARDED REASONABLE ATTORNEY'S FEES AND COSTS ACCRUED IN CONNECTION WITH ALL RELATED WORK. FURTHER, PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT DIRECT DEFENDANT, VIP SYSTEMS INC., TO PROVIDE RESPONSES AND/OR BETTER RESPONSES, AND RESPONSIVE DOCUMENTS, TO PLAINTIFF'S REQUEST FOR PRODUCTION NOS.: #1, #2, #3, #4, #5, #6, #7, #8, #9, #10, #12, #14, #15, #16, #21, #23, #24, #29, #36, #38, #39, #46, #,47, #48, #49, #50, #51, #55,#56 #58, #59, #60, #61, #62, #63, #64, #68, #69, #70, #71, #74, #75, #76 - #81 AND , #11, #13, #22, #28, #31, #32, #82 WITHIN ONE WEEK OF THE COURT'S ORDER, AND THAT PLAINTIFF BE AWARDED REASONABLE ATTORNEY'S FEES AND COSTS ACCRUED IN CONNECTION WITH THIS MOTION AND ALL RELATED WORK. ADDITIONALLY, PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT DIRECT DEFENDANT, VIP SYSTEMS INC., TO PROVIDE BETTER RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS NOS.: #3, #4, #5, #9, #10, #11, #12, #13 WITHIN ONE WEEK OF THE COURT'S ORDER, AND THAT PLAINTIFF BE AWARDED REASONABLE ATTORNEY'S FEES AND COSTS ACCRUED IN CONNECTION WITH

THIS MOTION AND ALL RELATED WORK.FINALLY, PLAINTIFF RESPECTFULLY REQUESTS THE COURT ENTER AN ORDER COMPELLING DEFENDANT TO PERMIT PLAINTIFF TO ENTER ON THE DEFENDANT'S PROPERTY TO INSPECT SAID PREMISES IN ACCORDANCE WITH THE FEDERAL RULES AND FOR PLAINTIFF TO PARTICIPATE IN SAID INSPECTION AND FOR SAME TO OCCUR ON AN AGREED DATE AND TIME ON OR BEFORE MARCH 18, 2018. PLAINTIFF RESPECTFULLY REQUESTS ALL FEES AND COSTS IN RELATION TO THIS MOTION AND ALL RELATED WORK.

        Respectfully submitted,

        J. H. ZIDELL, P.A.
        ATTORNEYS FOR PLAINTIFF
        300-71ST STREET, SUITE 605
        MIAMI BEACH, FLORIDA 33141
        305-865-6766
        305-865-7167

        By:_s/ Neil Tobak, Esq. ___
           Neil Tobak, Esquire
           Florida Bar No.: 93940

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 2/12/18 TO:

**Jordan Lee Richards, Esq.**
**Jordan Richards, PLLC**
**401 East Las Olas Blvd., Suite 1400**
**Fort Lauderdale, FL 33301**
**9548710050**
**Email: jordan@jordanrichardslaw.com**

    BY:__/s/___Neil Tobak_____
       NEIL TOBAK, ESQ.